IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.

                                    CV 20-0589 KG/JHR
                                    CR 14-2130 KG/JHR

JESSIE ANDREW HOPPER, JR.,

        Defendant/Petitioner.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Jessie Andrew Hopper, Jr. ("Mr. Hopper") filed a motion under 28 U.S.C. § 2255 to vacate his conviction under Count 3 of the Superseding Indictment on June 18, 2020. [CV Doc. 1].[1] Furthermore, Mr. Hopper requested appointment of counsel for this matter. *Id.* On June 22, 2020, United States District Judge Kenneth J. Gonzales referred the matter for recommended findings and final disposition to the undersigned United States Magistrate Judge. [CV Doc. 2]. For the reasons set forth below, the Court recommends granting Mr. Hopper's motion to vacate Count 3 of the Superseding Indictment, denying Mr. Hopper's request for counsel[2], and setting this case for resentencing.

    **I.**      **BACKGROUND**

Mr. Hopper was charged along with his father, Jessie Hopper, Sr., and aunt, Polly Hopper, with kidnapping and brandishing a firearm during and in relation to a crime of violence. [CR Doc.

---

[1] All citations to "CV Doc." refer to documents filed in the civil case: 2:20-cv-00589-KG-JHR.
[2] Appointment of counsel in this civil matter is unnecessary if, as recommended, Mr. Hopper obtains his requested relief on the merits. I separately recommend re-appointment of counsel in the criminal case for resentencing. *See* footnote 4.

1

1].[3] On November 21, 2014, Mr. Hopper pled guilty to:

> Count 1: 18 U.S.C. § 1201(c): conspiring to kidnap;
>
> Count 2: 18 U.S.C. § 1201(a)(1): kidnapping;
>
> Count 3: 18 U.S.C. § 924(c): using, carrying, or brandishing a firearm during and in relation to a crime of violence, namely kidnapping;
>
> Count 5: 18 U.S.C. §§ 922(g)(1), 924(a)(2): felon in possession of a firearm and ammunition; and
>
> Count 6: 26 U.S.C. §§ 5861(d), 5871 and 5845(a): receipt or possession of an unregistered firearm.

[CR Doc. 88, 113].

Jessie Hopper, Sr. and Polly Hopper went to trial, and Jessie Hopper, Sr. was found guilty of the same § 924(c) violation as Mr. Hopper pled to in Count 3. *See United States v. Hopper*, 723 Fed. Appx. 645, 645-46 (10th Cir. 2018); [CR Doc. 88]. Jessie Hopper, Sr. appealed and obtained reversal of his conviction for the § 924(c) violation because 1) he kidnapped his victim by "inveigling" which failed the element clause of § 924(c)(3)(A); and 2) the residual clause in § 924(c)(3)(B) is unconstitutionally vague. *Hopper*, 723 Fed. Appx. at 646; *See United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018); *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

## II.  DISCUSSION

Given the ruling in favor of his father, Mr. Hopper challenges the validity of Count 3. The United States concedes the point, [*see* CV Doc. 5 at 2], and the Court agrees that Count 3 should be vacated.

In determining whether to exercise its discretion to appoint counsel on behalf of a habeas

---

[3] All citations to "CR Doc." refer to documents filed in the criminal case: 2:14-cr-02130-KG-JHR.

petitioner, courts consider several factors, including the complexity of the legal issues raised by the petition. *Fleming v. Evans*, 525 Fed. Appx. 652, 655 (10th Cir. 2013). Because the United States concedes and Court recommends vacating Count 3, the Court does not find this case complex. Therefore, the Court recommends denying Mr. Hopper's request for counsel.

However, the United States asks the Court to resentence Mr. Hopper to the same sentence initially imposed. [CV Doc. 5 at 5.] The United States argues that: 1) the guideline range for Mr. Hopper's convictions without regard to Count 3 is still 168-210 months; 2) the Pre-sentencing Report did not impose a two-level enhancement due to Count 3; and 3) this Court has discretion to refuse resentencing. [*Id*. at 3]. Given the unique sentencing provisions for a § 924(c) conviction, the Court believes that a more careful analysis should be applied.

18 U.S.C. § 924(c) mandates a distinct penalty, one that must be imposed in addition to the punishment provided for the predicate crime of violence. *See* § 924(c) (2006); *Dean v. United States*, 137 S. Ct. 1170 (2017). A first-time offender under § 924(c) receives not less than a five-year mandatory minimum. § 924(c)(1)(A)(i). A § 924(c) sentence is "in addition to" any other term of imprisonment imposed on the person, *i.e.*, runs consecutively. § 924(c)(1)(D)(ii). In this case, Mr. Hopper was sentenced to 36 months as to each of the four other counts, run concurrently, with 7 years for the § 924(c) count run consecutively, for a total of 10 years. [*Sealed Judgment* CR Doc. 273, at 3]. Given the range of possible results of resentencing in the absence of what was the most serious single conviction, [*see* CV Doc. 5, at 2-5], I recommend that the District Judge re-appoint counsel in the criminal case[4] and set that matter for resentencing.

### III.   RECOMMENDATION

I recommend that the Court grant Mr. Hopper's motion to vacate Count 3 of the

---

[4] Mr. Hopper was represented by appointed counsel at the original sentencing, *see* [CR Doc. 16].

Superseding Indictment, deny Mr. Hopper's request for counsel in this civil matter and set the related criminal case for resentencing with re-appointed counsel.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).
>
> **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**